Theodore Beaven v. Commissioner.
Beaven v. Commissioner
Docket No. 13319.
United States Tax Court
1947 Tax Ct. Memo LEXIS 1; 6 T.C.M. (CCH) 1344; T.C.M. (RIA) 47339; December 31, 1947
*1 Theodore Beaven, pro se. Leo C. Duersten, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $53.53 in income and victory tax for the calendar year 1943. The only issue for decision is whether the Commissioner erred in capitalizing an expenditure of $901.08 and allowing depreciation of $45.05 thereon instead of allowing the whole expenditure to be deducted as an ordinary and necessary expense. Findings of Fact The petitioner is an individual residing in Manchester, New Hampshire. His return for 1943, on a cash basis, was filed with the collector of internal revenue for the District of New Hampshire. His chief occupation was as Supervising Principal in the schools of Manchester. He purchased a piece of real estate in Manchester on or about January 15, 1941 for $23,737.69. The property was improved with two frame buildings. One contained six apartments which the petitioner rented to various tenants. It was heated by a central oil-burning system installed by the former owner in 1940. The petitioner was required by government regulations for the conservation of oil to replace the relatively *2 new and adequate oil-burning system with coal-burning equipment in March 1943. The displaced oil-burning equipment was stored in the building. The new equipment was more expensive and difficult for the petitioner to operate than the old and required the abandonment of a recently constructed basement apartment which had to be used for coal and ashes. The cost of the coal-burning equipment, consisting of a stoker, a coal bin and a heat regulator was $901.08. The cost of removing the oil-burning equipment and installing the coal-burning equipment was $80.02. The petitioner, on his 1943 return, claimed a deduction of $981.10. The Commissioner, in determining the deficiency, allowed a deduction of $80.02 for the expense of the conversion but disallowed the balance of the deduction claimed, $901.08, with the explanation that it represented the cost of coal-burning equipment, a capital asset which had a life of more than one year. He allowed a deduction of $45.05 as depreciation for 1943 on the coal-burning equipment. The coal-burning equipment was used in the building from the date of installation throughout 1943 and was still in use when the petitioner sold the building in January *3 1944. He sold the property because the use of coal made the handling of the property too difficult for him. Opinion MURDOCK, Judge: The petitioner has not shown any error in the determination of the Commissioner. The rights of the parties herein must be determined solely upon the facts in the record and upon the law applicable thereto but with no regard to some extraneous matters mentioned by the petitioner with obvious sincerity in presenting his own case. No question of possible loss upon the involuntary discontinuance of the use of the oil-burning equipment is involved as an issue herein or proven as a deduction. Nor is there any issue of possible loss upon the property as a whole. The sale was in 1944 and could not give rise to tax consequences in 1943. The petitioner refers to his "loss" on the property, but a shrinkage in value, if any had been shown, would not give rise to a deductible loss in 1943. He complains that he was forced to make the change and that it reduced the value of the property instead of increasing it. The fact is, however, that it was a necessary change at that time in order to permit continued and uninterrupted use of the property through rentals. The *4 expenditure in question, $901.08, resulted in the acquisition of a capital asset with a life of more than one year and was not deductible as an ordinary and necessary expense of 1943. Bonwit Teller & Co., 17 B.T.A. 1019. It does not appear that the petitioner failed to do his case justice in presenting it himself but rather that there is no merit in it. Decision will be entered for the respondent.